(101 So. 89)

### CLEMMONS v. STATE.  (8 Div. 120.)*

(Court of Appeals of Alabama.  May 20, 1924. Rehearing Denied June 24, 1924.)

1. Criminal law ⬅➡763, 764(6), 811(2) — Charge held erroneous as invading jury's province and giving undue prominence to one phase of evidence.

Charge that possession of copper receptacle was insufficient to convict of possessing prohibited liquors, though it smelled like whisky, *held* erroneous as invading jury's province and giving undue prominence to one phase of evidence.

2. Criminal law ⬅➡829(1)—Refusal of charges covered by given charge not error.

Refusal of charges covered by given charge is not error.

On Rehearing.

3. Constitutional law ⬅➡46(3)—Constitutionality of act creating branch court not involved on appeal from conviction in main court.

Even if Local Acts 1919, p. 200, § 34, conditionally providing for branch of Morgan county, to be held at Hartselle, violates Const. 1901, § 45, or section 106, as not in notice given under said section 106, the question is not involved on appeal from conviction in trial had at county courthouse under other provisions of statute, which are not affected, as indicated by section 31, by elimination of sections 34–39 and part of section 40 applicable to branch court.

Appeal from Morgan County Court; W. T. Lowe, Judge.

C. R. Clemmons was convicted of having in possession liquors, and appeals. Affirmed.

Charge 7, refused to defendant, is as follows:

"7. I charge you, gentlemen of the jury, that possession of a copper receptable is not sufficient to convict the defendant of the charge of having in his possession prohibited liquors, although you may go further and find that such copper receptacle smelled like whisky."

Wert & Hutson, of Decatur, for appellant.

The act providing for the county court was not constitutionally passed, and the entire proceedings in this case was void. Roper v. Day, 210 Ala. 440, 98 So. 286.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. It is first insisted that the act creating the county court of Morgan county (Local Acts 1919, p. 194) is void, in that it is in violation of section 106 of the Constitution of 1901; it being contended that section 34 of said act, conditionally providing for a branch court to be held at Hartselle, was not in the notice given under section 106 of the Constitution. Section 34 of said act is not involved in this case. The trial was had at the courthouse of Morgan county, and, if section 34 of the act should be in violation of the Constitution, section 31 of the act makes provision that that fact shall not affect the validity of the remainder. Omitting section 34 from the act, such act remains a complete enactment.

[1] Charge 7 is invasive of the province of the jury. Moreover, this charge gave undue prominence to one phase of the evidence.

[2] The two charges numbered by us for convenience 22 and 23 are covered by given charge 17.

It is not necessary for us to pass upon the question as to whether the possession of a teaspoonful of whisky is a violation of the law. The testimony here is that there was more. We find no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

[3] Conceding the contention that that part of the act of 1919 (Local Acts 1919, p. 194 et seq.) creating a branch court at

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Petition for certiorari dismissed  212 Ala. 683, 101 So. 920.

Hartselle is void and of no effect in that it violates sections 106 and 45 of the Constitution, the question is not involved in this decision. Eliminating sections 35, 36, 37, 38, and 39 and that part of section 40 applicable to the branch court, the enactment remains a complete statute in accordance with the advertisement, and section 31 of the act evidences the intention of the Legislature that it should so remain. The defendant was tried under and by virtue of the statute which in any event would remain.

The application is overruled.